## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JENNIFER DIGIACINTO, 5246 Loughboro Road, NW, Washington, D.C. 20016, on behalf of the General Public of the District of Columbia,** | § § § § § § | |
| **Plaintiff,** | § § | **Case No. _____** |
| **v.** | § § | |
| **MATTEL, INC.** **333 Continental Boulevard** **El Segundo, California 90245** | § § § § | |
| **And** | § § | |
| **FISHER-PRICE, INC.,** **636 Girard Avenue** **East Aurora, New York 14502,** | § § § § | |
| **Defendants.** | § § | |

## NOTICE OF REMOVAL BY DEFENDANTS
## MATTEL, INC. AND FISHER-PRICE, INC.

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, Defendants Mattel, Inc.

("Mattel") and Fisher-Price, Inc. ("Fisher-Price") (jointly "Defendants") hereby remove the

above-entitled action from the Superior Court of the District of Columbia to the United States

District Court for the District of Columbia.

This removal is based upon the original jurisdiction of the United States District Court

over the parties consistent with 28 U.S.C. § 1332 based on the existence of diversity of

citizenship of the parties.

In support of their notice of removal, Defendants state to the Court as follows:

1.      Plaintiff commenced this action against Defendants by filing a complaint in the Superior Court of the District of Columbia (the "Superior Court"), entitled <u>Jennifer DiGiacinto, 5246 Loughboro Road, NW, Washington, D.C. 20016, on behalf of the General Public of the District of Columbia.</u>, Case No. 0006025-07, on or about August 29, 2007.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      On September 22, 2007, counsel for Defendants received a copy of the Complaint (Exhibit A), Summons (attached as Exhibit B), and Initial Order (attached as Exhibit C) along with a request for waiver of service dated September 21, 2007 (attached as Exhibit D). Defendants agreed to waive service on October 4, 2007.

3.      This Notice of Removal of Civil Action from State Court ("Notice") is timely filed pursuant to 28 U.S.C. § 1446(b) which provides that such notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendants filed this notice within thirty (30) days after they first received the Complaint and request for waiver of service.  The Complaint was the first paper from which Defendants could ascertain that the action was removable.

4.      This Notice is filed on behalf of Mattel and Fisher-Price, who are the only defendants in the action.

5.      This Court has original jurisdiction of this action under 28 U.S.C. § 1332 in that it is a civil action wherein (1) the matter in controversy, on information and belief, exceeds the sum of $75,000, exclusive of costs and interests, (2) is between citizens of different states; and (3) no defendant is a citizen of the District of Columbia.  Specifically, removal is proper based on the following:

6.      <u>The amount in controversy exceeds $75,000.</u>  According to the Complaint, Plaintiff's claims arise out of two voluntary recalls of certain Fisher-Price and Mattel-branded

toys announced by Mattel and/or Fisher-Price on August 2, 2007, and August 14, 2007 (the "August 2 recall" and the "August 14 recall"). *See, e.g.,* Complaint ¶¶ 1-4. The Complaint states that it seeks relief "on behalf of the General Public of the District of Columbia who purchased various recalled 'Fisher-Price' and 'Mattel' branded toys designed, manufactured, distributed, marketed and/or sold by Defendants Mattel, Inc. and Fisher-Price, Inc. between May 2007 and August 2007." Complaint ¶ 1. The Complaint sets out numerous alleged "violations" of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq* ("D.C. Consumer Protection Act"), including an allegation that Defendants violated the Act by "[selling] goods in a manner not consistent with D.C. Code § 28:2-314, since the toys were not fit for the ordinary purposes for which toys are used." Complaint ¶ 46. The Complaint states that it seeks, among various other relief, "treble damages or $1,500 per violation, whichever is greater . . . ." Complaint ¶ 47.

7.      Based on Plaintiff's request of $1,500 per violation of the D.C. Consumer Protection Act and her allegation that the sale of the recalled toys constitutes a violation of the Act, sale of only fifty (50) toys in the District of Columbia places $75,000 in controversy, and here there were well over fifty (50) toys sold in the District of Columbia that were subject to the August 2 recall alone. Thousands of toys subject to the August 14 recall were sold in the District. Thus, based solely on the allegations in the Complaint and the request for $1,500 per violation of the D.C. Consumer Protection Act, the $75,000 minimum amount in controversy is met.

8.      Moreover, in addition to the "per violation" relief sought, several of the other forms of relief set out in the Complaint clearly seek common and undivided remedies that, either alone or together, meet the $75,000 amount in controversy requirement. For example, the Complaint seeks (a) an order "granting cy pres monies to an appropriate lead abatement program in the District of Columbia for the purpose of providing lead testing for children," and (b) an order "awarding disgorgement of all monies paid by Plaintiff and The Public because of Defendants' unlawful, unfair, and/or fraudulent business practices complained of herein." *See* Complaint at p. 13 (Prayer for Relief). Each of these requested forms of common relief, when

considered in the context of the number of children allegedly affected and/or the number of recalled toys sold, further substantially increase the amount in controversy in this action..

9.      Finally, the Complaint also seeks an order "requiring Defendants to implement safety systems such as third-party laboratory lead testing of all products imported from China," as well as attorneys' fees and costs of suit. *See* Complaint at p. 13 (Prayer for Relief). These additional forms of relief further increase the amount in controversy, thereby guaranteeing that the $75,000 minimum is met.

10.      <u>There is complete diversity and no local defendant.</u> At the time this action was commenced in state court, and, to Defendants' knowledge, at this time, Plaintiff is a resident and citizen of the District of Columbia. *See* Complaint ¶ 7. Mattel has at all relevant times been a corporation incorporated under the laws of Delaware, which maintains its principal place of business in El Segundo, California. *See* Complaint ¶ 8. Fisher-Price has at all relevant times been a corporation incorporated under the laws of Delaware, which maintains its principal place of business in East Aurora, New York. *See* Complaint ¶ 9.

11.      Based on the foregoing, this action is one over which this Court has original jurisdiction and which may be removed by Defendants to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

12.      Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal, as well as a separate Notice of Removal of Action to the United States District Court for the District of Columbia, is being served on Plaintiff's counsel and filed with the Superior Court of the District of Columbia.

WHEREFORE, Defendants provide Notice of Removal of the above action pending in the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia, and Defendants respectfully request that this case proceed before this Court as an action properly removed.

Dated:  October 19, 2007

JOHN B. WILLIAMS (D.C. Bar 257667)
DANIELLE M. HOHOS (D.C. Bar 485633)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
202-879-3939

*Attorneys for Defendants*
*Mattel, Inc. and Fisher-Price, Inc.*

**Of Counsel:**

Hugh R. Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:  (832) 239-3939

Thomas E. Fennell
Michael L. Rice
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:  (214) 220-3939

## CERTIFICATE OF SERVICE

I certify that on October 19, 2007, a true and correct copy of the NOTICE OF

REMOVAL BY DEFENDANTS MATTEL, INC. AND FISHER-PRICE, INC. was served by

via United States mail, postage prepaid, to the following counsel of record:

Karen J. Marcus
Mila F. Bartos
Tracy Rezvani
FINKELSTEIN THOMPSON LLP
The Duval Foundry
1050 30th Street NW
Washington, D.C. 20007

Rosemary Rivas
FINKELSTEIN THOMPSON LLP
601 Montgomery Street, Suite 665
San Francisco, California 94111

# Exhibit A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

JENNIFER DiGIACINTO, 5246 Loughboro
Road, NW, Washington, DC 20016, on behalf
of the General Public of the District of
Columbia,

        Plaintiff,

    vs.

MATTEL, INC.
333 Continental Boulevard
El Segundo, California 90245

      and

FISHER-PRICE, INC.
636 Girard Avenue
East Aurora, New York 14052

    Defendants.

Case No.

**FILED**

CIVIL ACTIONS BRANCH

AUG 2 9 2007

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

DEMAND FOR JURY TRIAL

0006025-07

---

Plaintiff Jennifer DiGiacinto, by and through her attorneys, based on her individual

experience and the investigation of counsel, alleges on behalf of herself the General Public of

the District of Columbia, and alleges the following:

## I.   NATURE OF THE CASE

1.   This action is brought by Plaintiff on behalf of herself and the General Public of the

District of Columbia ("Public"). This action, brought on behalf of the residents of this

jurisdiction, seeks declaratory and injunctive relief on behalf of the General Public of the

District of Columbia who purchased various recalled "Fisher-Price" and "Mattel" branded

toys designed, manufactured, distributed, marketed and/or sold by Defendants Mattel, Inc. and

Fisher-Price, Inc between May 2007 and August 2007.

2.   On August 2, 2007, the United States Consumer Product Safety Commission

("CPSC") announced that the surface paints on various Fisher-Price branded toys could contain

impermissible amounts of lead, which is toxic if ingested by young children and can cause



Case: 2007 CA 006025 B
0002915299
Dkt: CMBCFF

adverse health effects. The affected toys are the most popular toys available on the market today and are based on characters from children's television shows such as Dora the Explorer and Sesame Street. The affected toys include Elmo's Guitar, Dora's Talking House, and 81 other toys. According to the CPSC, the toys should be taken immediately away from children.

3.      Less than two weeks later, the CPSC announced another Mattel recall involving approximately 18.6 million Mattel branded toys due to impermissible amounts of lead and other issues involving the loosening of powerful magnetic pieces that if swallowed, could be fatal. These toys include the "Sarge" die cast toy cars, which are also some of the most popular available on the market today and are based on the popular children's movie "CARS."

4.      As a result of Defendants' conduct, District of Columbia residents have suffered injury in fact and have lost money and/or property. Plaintiff seeks equitable relief, including medical monitoring, on behalf of all affected children of D.C. residents to assure the early diagnosis and treatment of those children exposed to the lead paint on the recalled toys; injunctive relief as described herein; and disgorgement of profits as described herein on behalf of herself and all similarly situated D.C. residents.

## II.    JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to on D.C. Code § 11-921. Moreover, Count I of this Complaint arises under the District of Columbia Deceptive Trade Practices Act, D.C. Code § 28-3904. This Court, therefore, has subject matter jurisdiction over that count under D.C. Code § 28-3905(k)(1).

6.      Venue is proper in this District. The claims asserted in this complaint arise, in part, within this District. A substantial part of the events and conduct giving rise to the violations of law complained of herein occurred or emanated from this District. Plaintiff represents District of Columbia residents who have purchased Mattel and Fisher Price's toys containing lead paint. Defendants conduct business with consumers in this District and has caused injury to District of Columbia residents.

## III.    THE PARTIES

7.     Plaintiff Jennifer DiGiacinto is a resident of the District of Columbia at 5246 Loughboro Road, NW, Washington, DC 20016. Plaintiff purchased a "Go Diego Go Mobile Rescue Unit", Model #K3571, for her child sometime between May and August 2007.

8.     Defendant Mattel, Inc. ("Mattel"), is a Delaware Corporation with its principal place of business and headquarters located at 333 Continental Boulevard, El Segundo, California 90245.

9.     Defendant Fisher-Price, Inc. ("Fisher-Price") is a Delaware Corporation and is headquartered at 636 Girard Avenue, East Aurora, New York 14052. Defendant Fisher Price, Inc. conducts substantial business in the District of Columbia. Fisher-Price is a division and subsidiary of Mattel, Inc.

10.     Defendants Mattel and Fisher-Price are herein referred to collectively as "Defendants."

## IV.     CO-CONSPIRATOR AND AGENCY ALLEGATIONS

11.     Various other persons, firms, and corporations, the identities which are presently unknown, have participated as co-conspirators with Defendants in the violations alleged herein and have performed acts and made statements in furtherance thereof.

12.     The facts alleged herein have been committed by Defendants and their co-conspirators, or were authorized, ordered or done by their respective officers, agents, employees, or representatives while actively engaged in the management of each Defendant's business or affairs.

13.     Each of the Defendants named herein acted as the agent or joint venturer of or for the other Defendants with respect to the acts, violations and common course of conduct alleged herein for the purpose of enriching themselves at the expense of consumers, resulting in damages to Plaintiff and The Public

## V.     FACTUAL ALLEGATIONS

### A.     Lead Exposure Has Harmful Effects On Young Children

14.     According to the CPSC, behavioral problems, learning disabilities, hearing problems and growth retardation can be traced to lead poisoning. Young children are the most

commonly exposed to lead in consumer products because they often place the products in their mouths or handle the products and then put their hands in their mouths. Lead accumulates in the brain and nerves and as a result of a child's small relative body size, even exposures to small amounts of lead can present significant health risks. *See* http://www.epa.gov/lead/pubs/leadpdfe.pdf.

15.    According to the U.S. Environmental Protection Agency ("EPA"), children who are six years old and under and exposed to lead are more at risk because their bodies grow quickly. The EPA has similarly warned that exposure to lead can cause a range of negative health effects from behavioral problems and learning disabilities to seizures and death. When a child puts an object containing lead in his or her mouth, the child can suffer from lead poisoning.

16.    According to the National Safety Council, fetuses and young children under the age of six are particularly vulnerable to lead exposure because their brain and central nervous systems are still in the process of forming. Very small exposures to lead can cause IQ deficits, learning disabilities, behavioral problems, stunted growth or slowed growth and impair hearing. If a child is exposed to high levels of lead, the child could suffer from kidney damage, become mentally disabled, fall into a coma, or even die from lead poisoning. *See* *http://www.nsc.org/issues/lead/healtheffects.htm.*

17.    Recently, U.S. officials have raised alarm about products manufactured in China. Seafood containing harmful drugs, toothpaste with an ingredient found in antifreeze, and pet food containing a chemical used to make plastic came from China to the United States and were the subject of recalls.

18.    Lead exposure is a particularly acute issue in the District of Columbia. *See* *http://www.salon.com/news/feature/2006/11/27/lead/index_np.html* (investigating the connection between lead-contaminated water and elevated blood lead levels in some District of Columbia children); http://www.leadtesting.org/Lead%20testing%20by%20utilities%20flawed %20News%20and%20Observer%20Mar29-06.doc ("High lead levels were detected in District of Columbia homes in 2003"). The District of Columbia's water system has not complied with federal lead standards for years and, at times, the lead levels of the District of Columbia water

is among the highest in the country. *See* http://www.washingtonpost.com/wp-dyn/articles/A7094-2004Oct4.html; *see also* http://www.epa.gov/dclead/; *see also* http://healthandenergy.com/polluted_drinking_water.htm (the District is one of only two jurisdictions required to report water problems directly to the EPA.).

## B.    Defendants' Toys Contain Excessive Amounts Of Lead

19.    On August 2, 2007, Defendants, in conjunction with the CPSU, announced a recall of approximately 967,000 plastic preschool toys sold in the United States between May 1, 2007 and August 2007. Current regulations require a recall when children's products contain more than .06 percent of lead. *See http://www.washingtonpost.com/wpdyn/content/article/2007/08/01/AR2007080101983.html*

20.    The children's toys subject to the August 2, 2007 recall bear the brand Fisher-Price and a date code between 109-7LF and 187-7LF. The affected toys are as follows: Elmo Light Up Musical Pal; Big Bird Light Up Musical Pal; Elmo Tub Sub; Elmo Keyboard; Elmo Collectible; Zoe Collectible; Big Bird Collectible; Elmo Boom Box; Press N Go Elmo; Cookie Saxophone; Splash Tub Puzzle; Count To Beat Elmo; Elmo In The Giggle Box; Dora's Talking House; Ernie Light Up Musical Pal; Elmo Stacking Rings; Sesame Street Shape Sorter; Ernie Splashin' Fun Trike; Cookie Collectible; Ernie Collectible; Construction Playset; Action Fire Engine; Rev & Go Cookie Monster; Elmo's Guitar; Music And Lights Phone; Shake, Giggle & Roll; Silly Parts Talking Elmo; Dora, Backpack Perrito Figure Pack; Diego Figure Pack; Boots, Tico Figure Pack; Sing With Elmo's Greatest Hits; Grow With Me Elmo Sprinkler; Birthday Dora; Elmo & Pals; Water Fun Tote; Blue 3 Pack Figures In Tube; Chef Dora; Giggle Grabber Ernie; Diego Talking Field Journal; Go Diego Go Deep Sea Rescue; Go Diego Go Talking Rescue 4X4; Giggle Grabber Chief Cookie Monster; Sesame Street Tub Pots & Pans; Dora's Talking Pony Place; Diego – Talking Gadget Belt; Fairytale Adventure Dora; Toucan Motorcycle Rescue; Surprise Inside Diego Eggs; Sesame Street Birthday Figure Pack; Sesame Street – Super Boom Box; Birthday Dora; Pablo & Pals; Dora Figures Diego & Bear; Sesame Street Giggle Doodler; Lets Go Rescue Center; Swiper Figure Pack; Dora Talking Vamonos Van; Giggle Doodler; Cousin Daisy; Elmo & Pals; Dora Figures In Tube;

Dora 3 Pack Figures In Tube; Sponge Bob 3 Pack Figures In Tube; Bedtime Dora; Giggle Grabber Oscar The Grouch; Go Diego Go Antarctic Rescue; Go Diego Go Mountain Rescue; Giggle Grabber Soccer Elmo; Queen Mami; Prince Diego; Sesame Street Giggle Drill; Twins Nursery; Go Diego Go Mobile Rescue Unit; Go Diego Go Dinosaur Rescue; Dora Figure; Sesame Street Elmo Jack-In-The-Box; Diego Tub Trike; Dora Figures Dora & Kitty; Go Diego Go Talking Gadget; Dora's Talking House; and Fairytale Castle.

21.    Less than two weeks later, on August 14, 2007, in conjunction with the CPSU, Defendants announced another recall. This recall included approximately 253,000 "Sarge" die cast toy cars that were sold in the United States from May 1, 2007 through August 2007.

22.    The toys identified in Paragraphs 18 and 19 are hereinafter referred to as "Mattel Toys."

23.    Defendants executed the recalls because the decorative paint on the Mattel Toys, which Defendants designed, manufactured, distributed, marketed and/or sold, contained excessive paint, in excess of .06% permitted by law. The Mattel Toys were made by Lee Der Industrial Company Ltd., located in the Guangdong province of China.

24.    According to lead experts, the magnitude of the recall shows that it was a conventional practice of the Chinese manufacturer to use paint containing excessive lead and not an accidental incident.

### C. Defendants Knew, Or Should Have Known, That Their Toys Contained Excessive Lead

25.    Defendants knew, or should have known, that the Mattel Toys contained excessive lead and presented a serious risk to the health and safety of children.

26.    Defendants, however, failed to adequately screen and test the Mattel Toys imported from China. Instead, Defendants allowed Lee Der Industrial Company Ltd. to perform its own testing, despite China's failure to enforce laws banning lead from paints.

27.    Moreover, Defendants ignored recent reports of unsafe products imported from China, including reports of seafood containing harmful drugs, toothpaste with an ingredient found in

6

antifreeze, and pet food containing a chemical used to make plastic. These reports follow a recall in November 2006 by Target and the CPSC of 190,000 toys and trucks made in China due to paint containing excessive lead, and a recall in 2005 by Dollar General involving similar circumstances.

### D.    Defendants Failed To Promptly Notify The CPSC Regarding The Unsafe Nature Of The Mattel Toys; Delayed Disclosing The Name Of Their Manufacturer; And Have Not Disclosed The Name Of The Paint Supplier.

28.    Manufacturers, imports, distributors and retailers are required to notify the CPSC within 24 hours when they discover information relating to a dangerous defect in a product.

29.    Defendants learned about the unsafe nature of the Mattel Toys in early July 2007, when Defendants were notified by a European retailer of the problem.

30.    Defendants notified retailers about the problem on July 26, 2007, one week before the recall was announced. This measure, however, should only be taken after the CPSC is notified. Currently, the CPSC is investigating whether Defendants failed to promptly notify them about the excessive amount of lead in the Mattel Toys.

31.    Although Defendants announced the first recall on August 2, 2007, Defendants at the time were unwilling to disclose the name of the Lee Der Industrial Co., the Chinese manufacturer responsible for making the Mattel Toys.

32.    To date, however, Defendants have not disclosed the name of the supplier responsible for the paint used on the Mattel Toys. Thus, other toy companies are prevented from knowing which paint suppliers to avoid.

### E.    Defendants' Coupon Program Does Not Provide Adequate Compensation

33.    Plaintiff and The Public purchased a Mattel Toy sometime between May 1, 2007 and August 2007. Defendants heavily marketed the Mattel Toys to children and touted themselves as the most trusted named in toys. Defendants, however, failed to disclose material information to Plaintiff and The Public, namely, that the Mattel Toys were decorated with paint containing excessive amounts of lead and that such lead poses a danger and health risks to children.

34.    Instead of offering Plaintiff and The Public full refunds of the purchase price paid for the Mattel Toys, Defendants have only agreed to provide a coupon for a replacement toy.  To obtain the coupon, however, The Public must follow onerous procedures.  First, The Public must provide their contact information and submit a request over the Internet for a mailing label.  Next, The Public must package and return the product to Defendants and wait to receive the coupon.  To redeem the coupons, The Public must take the coupon to a retail store that accepts them.

35.    With respect to the Mattel Toys recalled on August 2, 2007, the coupon can only be obtained after returning the toy to Defendants and can only be used at certain retailers and toward other Mattel products of the same value (excluding licensed products like the one returned).

36.    With respect to the Mattel Toys recalled on August 14, 2007, the coupon, however, can only be obtained after returning the toy to Defendants and can only be used at certain retailers for a replacement product up to the value of the returned product.

37.    Most consumers, however, will not take the time to obtain and use the coupons due to the onerous procedures and also because most, if not all of Defendants' products, are manufactured in China and may present the same or different safety hazards, as evidenced by the large number of recalls Defendants initiated during the last two weeks.  Further, most, if not all of the Mattel Toys, are licensed products and therefore consumers will not receive a like kind product for what they paid for.

38.    As a result of Defendants' actions as alleged herein, Plaintiff and each The Public has suffered injury in fact and has lost money and/or property, notwithstanding Defendants' offer to provide coupons that are inadequate to compensate Plaintiff and The Public.

## VI.    THE INTEREST OF THE PUBLIC

39.    This action is brought pursuant to Section 28-3905(k)(1) of the DC CPPA, and seeks treble damages or $1,500 per violation, whichever is greater, reasonable attorney's fees, punitive damages, and an injunction against Defendant's use of their unlawful trade practices.

40.    For the foregoing reasons, the General Public of the District of Columbia has an interest in this litigation:

    a.    Defendants designed, manufactured, distributed, marketed, and/or sold products containing impermissible amounts of lead;

    b.    Defendants failed to disclose and/or inadequately disclosed material facts, namely, that the Mattel Toys contained excessive amounts of lead;

    c.    Defendants failed to disclose and/or inadequately disclosed material facts, namely, that the Mattel Toys were unsafe and posed health risks to children;

    d.    Children of The Public have an increased risk of sustaining adverse health effects or other injury making periodic diagnostic and medical examinations (medical monitoring) effective and reasonably necessary;

    e.    Defendants' practices, as described herein, were unlawful, unfair, and/or fraudulent in violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 et seq. ("DC CPPA");

    f.    Plaintiff and The Public are entitled to declaratory, injunctive and/or equitable relief, including disgorgement of profits unlawfully, unfairly or fraudulently obtained.

41.    Plaintiff and The Public have suffered irreparable harm and damages as a result of Defendants' unlawful and wrongful conduct.    Absent a private attorney general action, Defendants will retain substantial funds received as a result of their wrongdoing and such unlawful and improper conduct shall in large measure go unremedied, uncorrected and will continue, notwithstanding Defendants' offer to provide coupons that are inadequate to compensate Plaintiff and The Public. Absent a private attorney general action, The Public will not be able to effectively litigate these claims and will continue to suffer losses and allow these

violations of law to proceed without remedy, allowing Defendants to largely retain the proceeds of their ill-gotten gains and continue such conduct with impunity.

## COUNT I
### (Violation of D.C. Consumer Protection Procedures Act)

42. Plaintiff incorporates by reference all the paragraphs in this complaint as if fully restated herein.

43. This cause of action is brought pursuant to the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 et seq. ("DC CPPA").

44. Plaintiff brings this action under D.C. Code § 28-3905(k)(1) which provides that:

> a person, whether acting for the interests of itself, or its members, *or the general public*, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia and may recover or obtain the following remedies:
>
> (A) treble damage, or $ 1,500 per violation, whichever is greater, payable to the consumer;
> (B) reasonable attorney's fees;
> (C) punitive damages;
> (D) an injunction against the use of the unlawful trade practice;
> (E) in representative actions, additional relief as may be necessary to restore to the consumer money or prop-erty, real or personal, which may have been acquired by means of the unlawful trade practice; or
> (F) any other relief which the court deems proper.

(emphasis added).

45. Section 28-3904 of the DC CPPA indicates that it is a violation, whether or not any consumer is in fact misled, deceived or damaged thereby, to:

> (a)      represent that goods or services have a source, sponsorship,
>
> approval, certification, accessories, characteristics, ingredients, uses,
>
> benefits, or quantities that they do not have;

* * * * * * * * * * * *

(d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another;

(e) misrepresent as to a material fact which has a tendency to mislead;

(f) fail to state a material fact if such failure tends to mislead;

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(w) offer for sale or distribute any consumer product which is not in conformity with an applicable consumer product safety standard or has been ruled a banned hazardous product under the federal Consumer Product Safety Act *(15 U.S.C.S. §§ 2051*-83), without holding a certificate issued in accordance with section 14(a) of that Act to the effect that such consumer product conforms to all applicable consumer product safety rules (unless the certificate holder knows that such consumer product does not conform), or without relying in good faith on the representation of the manufacturer or a distributor of such product that the product is not subject to a consumer product safety rule issued under that Act;

\*\*\*\*\*\*\*\*\*\*\*\*\*

(x) sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Code, or by operation or requirement of federal law;

46.    Defendants' conduct violates these and other provisions of the DC CPPA in that Defendants, among other things:

(a) made misrepresentations and/or material omissions regarding the safety of their toys;

(b) falsely advertised their toys as safe.

(c) created an inequitable rebate program which allows Defendants to retain proceeds from Plaintiff and members of the Public's purchase.

(d) sold goods in a manner not consistent with D.C. Code § 28:2-314, since the toys were not fit for the ordinary purposes for which toys are used.

47.    Defendant's conduct as described herein was a false and deceptive trade practice within the meaning of the DC CPPA in that Defendants, among other things, made representations and/or omissions regarding the safety of their toys.

(a)    As a direct and foreseeable result of Defendants' conduct, residents of the District of Columbia have been injured.

(b)    This action is brought pursuant to Section 28-3905(k)(1) of the DC CPPA, and seeks treble damages or $1,500 per violation, whichever is greater, reasonable attorney's fees, punitive damages, disgorgement, an injunction against Defendants' use of their unlawful trade practices, cy pres relief, and any other relief which the court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Public, pray for judgment against Defendants as follows:

A.    For an order that Defendants be permanently enjoined from engaging in the unlawful activities and practices complained of herein;

B.     For an order requiring Defendants to implement safety systems such as third-party laboratory lead testing of all products imported from China and requiring Defendants to disclose the identity of the supplier responsible for the paint used on the Mattel Toys.

C.     For an order granting cy pres monies to an appropriate lead abatement program in the District of Columbia for the purpose of providing lead testing for children.

D.     For an order awarding disgorgement of all monies paid by Plaintiff and The Public because of Defendants' unlawful, unfair, and/or fraudulent business practices complained of herein;

F.     For an order requiring Defendants to stop their current recall and implement a full recall with reasonable procedures that allow The Public to easily participate in the recall.

G.     For declaratory relief as this Court deems appropriate;

H.     For attorneys' fees and costs of suit, including expert witness fees;

I.     For an order awarding pre-judgment and post-judgment interest as prescribed by law; and

J.     For such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.


DATED: August 29, 2007

FINKELSTEIN THOMPSON LLP

*Karen Marcus*

Karen J. Marcus (#486435)
Mila F. Bartos (#464227)
Tracy Rezvani (#464293)
**FINKELSTEIN THOMPSON LLP**
The Duval Foundry
1050 30th Street NW
Washington, D.C. 20007
Telephone:  (202) 337-8000
Facsimile:  (202) 337-8090

Rosemary M. Rivas
**FINKELSTEIN THOMPSON LLP**
601 Montgomery Street, Suite 665

San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Counsel for Plaintiff Jennifer DiGiacinto*

CA Form 1

# 𝔖uperior 𝔒ourt of the 𝔇istrict of 𝔒olumbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone:   879-1133

Jennifer DiGiacinto

*Plaintiff*

0006025-07

VS.

Fisher-Price, Inc.

Civil Action No.

*Defendant*

## SUMMONS

To   the   above   named   Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Karen J. Marcus (Bar No. 486435)

Name of Plaintiff's Attorney

1050 30th Street, N.W.

Address

Washington, DC 20007

202-337-8000

Telephone

By

Deputy Clerk

AUG 29 2007

Date

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Jennifer DiGiacinto

*Plaintiff*

VS.

Mattel, Inc.

*Defendant*

0006025-07

Civil Action No.

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Karen J. Marcus (Bar No. 486435)

Name of Plaintiff's Attorney

1050 30th Street, N.W.

Address

Washington, DC 20007

202-337-8000

Telephone

By

Deputy Clerk

Date          AUG 2 9 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

**0006025-07**

Jennifer DiGiacinto

vs

Mattel, Inc. and Fisher-Price, Inc.

Case Number: _____

Date: _____

| | |
|---|---|
| Name: *(please print)*  Karen J. Marcus | Relationship to Lawsuit<br>☑ Attorney for Plaintiff |
| Firm Name:  Finkelstein Thompson LLP | ☐ Self (Pro Se)<br>Other: _____ |
| Telephone No.:  202-337-8000    Six digit Unified Bar No.:  486435 | |

TYPE OF CASE:  ☐ Non-Jury      ☐ 6 Person Jury      ☑ 12 Person Jury
Demand:$ To be determined _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____    Calendar #: _____

Case No.: _____ Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

**COLLECTION CASES**
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☑ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile,
     Not Malpractice)

☐ 17 Personal Injury -- (Not
     Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/April. 07

## INFORMATION SHEET,     Continued

| C. OTHERS | | |
|---|---|---|
| I. | | |
| ☐ 01 Accounting | ☐ 10 T.R.O./Injunction | ☐ 25 Liens: Tax/Water Consent Granted |
| ☐ 02 Att. Before Judgment | ☐ 11 Writ of Replevin | ☐ 26 Insurance/Subrogation |
| ☐ 04 Condemnation (Emin. Domain) | ☐ 12 Enforce Mechanics Lien | Under $25,000 Consent Denied |
| ☐ 05 Ejectment | ☐ 16 Declaratory Judgment | ☐ 27 Insurance/Subrogation |
| ☐ 07 Insurance/Subrogation | ☐ 17 Merit Personnel Act (OEA) | Over $25,000 |
| Under $25,000 Pltf. | (D.C. Code Title 1, Chapter 6) | ☐ 28 Motion to Confirm Arbitration |
| Grants Consent | ☐ 18 Product Liability | Award (Collection Cases Only) |
| ☐ 08 Quite Title | ☐ 24 Application to Confirm, Modify, | ☐ 29 Merit Personnel Act (OHR) |
| ☐ 09 Special Writ/Warrants | Vacate Arbitration Award | ☐ 30 Liens: Tax/Water Consent Denied |
| DC Code § 11 -941 | (D.C. Co  de § 16-4315) | |
| II. | | |
| ☐ 03 Change of Name | ☐ 15 Libel of Information | ☐ 21 Petition for Subpoena |
| ☐ 06 Foreign Judgment | ☐ 19 Enter Administrative Order as | [Rule 28 -I (b)] |
| ☐ 13 Correction of Birth Certificate | Judgment [D.C. Code § | ☐ 22 Release Mechanics Lien |
| ☐ 14 Correction of Marriage | 2 -1802.03(h) or 32-1519(a)] | ☐ 23 Rule 27 (a)(1) |
| Certificate | ☐ 20 Master Meter (D.C. Code § | (Perpetuate Testimony) |
| | 42 -3301, et seq.) | |

_Karen Marcus_
Attorney's Signature

_August 29, 2007_
Date

CV -496/April. 07



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JENNIFER DIGIACINTO
    Vs.
MATTEL, INC.

C.A. No.    2007 CA 006025 B

## <u>INITIAL ORDER AND ADDENDUM</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:  August 29, 2007
Initial Conference: 9:00 am, Friday, November 30, 2007
Location:  Courtroom B-52
          510 4th Street, NW
          WASHINGTON, DC 20001

Caio.doc

## ADD.   )UM TO INITIAL ORDER AFFE(    NG
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# Exhibit B

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| Jennifer DiGiacinto |
|---|

*Plaintiff*

0006025-07

VS.

| Mattel, Inc. |
|---|

Civil Action No. [                    ]

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Karen J. Marcus (Bar No. 486435) |
|---|

Name of Plaintiff's Attorney

| 1050 30th Street, N.W. |
|---|

Address

| Washington, DC 20007 |
|---|

| 202-337-8000 |
|---|

Telephone

By _____

Deputy Clerk

Date _____    AUG 2 9 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU·FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Exhibit C



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JENNIFER DIGIACINTO
    Vs.

MATTEL, INC.

C.A. No.      2007 CA 006025 B

## <u>INITIAL ORDER AND ADDENDUM</u>

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MAURICE ROSS
Date:  <u>August 29, 2007</u>
Initial Conference: 9:00 am, Friday, November 30, 2007
Location:  Courtroom B-52
        510 4th Street, NW
        WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# Exhibit D

### SCR CIV FORM 1-A
#### Notice and Acknowledgment for Service by Mail
## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| Jennifer DiGiacinto | | |
| *Plaintiff* | | |

V.

Civil Action Number  2007 CA 006025-07 B

Mattel, Inc.

*Defendant*

## NOTICE

To:   Name  Michael Rice, Attorney for Fisher Price, Inc.

Address  Jones Day

2727 North Harwood Street Dallas, Texas  75201-1515

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form.  If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on
(insert date)  September 21, 2007

_____        *Kacy Marcus*
*Signature*                    Date of Signature

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address)  2727 N. Harwood St., Dallas, TX 75201

_____        Attorney for Mattel        10/4/07
Signature              Relationship to Defedant/Authority        Date of Signature
                       *To Receive Service*

Form CV(6)-1590/Mar 97

## SCR  CIV  FORM  1-A
### Notice  and  Acknowledgment  for  Service  by  Mail
## SUPERIOR  COURT  OF  THE  DISTRICT  OF  COLUMBIA
### Civil  Division

Jennifer DiGiacinto

*Plaintiff*

V.

Civil Action Number  2007 CA 006025-07 B

Fisher Price, Inc.

*Defendant*

## NOTICE

To:    Name  Michael Rice, Attorney for Fisher Price, Inc.

Address  Jones Day

2727 North Harwood Street Dallas, Texas  75201-1515

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date)  September 21, 2007

*Signature*                                     Date  of Signature

### Acknowledgment  of  Receipt  of  Summons,  Complaint  and  Initial  Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address)  2727 N. Harwood St., Dallas, TX 75201

*Signature*                        Relationship to Defedant/Authority        Date of Signature
                                   *To Receive Service*
                        Attorney for Fisher Price            10/4/07

Form CV(6)-1590/Mar 97

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jennifer Digiacinto, 5246 Loughboro Road, NW Washington D.C. 20016, on behalf of the General Public of the District of Columbia, | Mattel, Inc. 333 Continental Blvd El Segundo, CA 90245 and Fisher-Price, Inc., 636 Girard Avenue East Aurora, New York 14502 |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF <br> (EXCEPT IN U.S. PLAINTIFF CASES)    Washington, DC | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT <br> (IN U.S. PLAINTIFF CASES ONLY)    Los Angeles <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Karen J. Marcus <br> Mila F. Bartos <br> Tracy Rezvani <br> Finkelstein Thompson LLP <br> The Duval Foundry 1050 30th Street, NW <br> Washington, DC 20007 <br> Rosemary Rivas <br> Finkelstein Thompson LLP <br> 601 Montgomery St. Suite 665 San Francisco, CA 94111 | John B. Williams <br> Danielle M. Hohos <br> Jones Day <br> 51 Louisiana Ave, NW <br> Washington DC 20001 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊙ E. General Civil (Other)**    OR    **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding    ● 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Pursuant to 28 U.S.C. Section 1441, Defendants are removing an action from DC Superior Court alleging violations of the Consumer Protection Act.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ More than $75,000    Check YES only if demanded in complaint    JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 10/19/07    SIGNATURE OF ATTORNEY OF RECORD    _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.