## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JENNIFER DIGIACINTO, 5246 Loughboro Road, NW, Washington, D.C. 20016, on behalf of the General Public of the District of Columbia,** | § § § § | |
| | § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Case No. 1:07-cv-01896-JR** |
| **MATTEL, INC.** **333 Continental Boulevard** **El Segundo, California 90245** | § § § § | |
| **And** | § § | |
| **FISHER-PRICE, INC.,** **636 Girard Avenue** **East Aurora, New York 14502,** | § § § § | |
| **Defendants.** | § § § | |

## ANSWER OF DEFENDANTS MATTEL, INC. AND FISHER-PRICE, INC.

Defendants Mattel, Inc. ("Mattel") and Fisher-Price, Inc. ("Fisher-Price") (together "Defendants") hereby file their answer in response to Plaintiff's Complaint.

## RESPONSE TO ALLEGATIONS

The Complaint throughout contains numerous allegations regarding "Defendants" without any identification of specific acts of purported wrongdoing by Mattel or Fisher-Price. These collective allegations throughout the Complaint are a fatally defective attempt by Plaintiff to disguise her lack of knowledge of any specific wrongdoing by either Mattel or Fisher-Price in a web of undifferentiated aggregate claims. Each Defendant, Mattel and Fisher-Price, individually denies that it has committed any wrongdoing. For their responses to the specific

allegations of the Complaint, Defendants incorporate the foregoing statement in each paragraph below as applicable and further state:

**RESPONSE TO PLAINTIFF'S ALLEGATIONS
IN NUMBERED PARAGRAPHS 1 THROUGH 41**

1.    Defendants acknowledge that Plaintiff purports to bring this action for herself and the General Public of the District of Columbia, but deny that this action may properly be maintained on behalf of the General Public of the District of Columbia.

2.    Defendants admit that, on August 2, 2007, Defendants and the U.S. Consumer Products Safety Commission ("CPSC") announced a voluntary recall of various Fisher-Price toys manufactured during specified periods of time.  Defendants admit that a reason for the recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants admit that the toys subject to the August 2, 2007 voluntary recall are popular and that some, including Elmo's Guitar and Dora's Talking House, are based on characters from children's television shows. Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants state that the CPSC announcement speaks for itself.  Defendants deny the remaining allegations in paragraph 2 of the Complaint.

3.    Defendants admit that, on August 14, 2007, Defendants and the CPSC announced a voluntary recall of various toys manufactured during specified periods of time.  Defendants admit that one reason for the recall was that testing indicated that the paint on some part of certain of the die cast "Sarge" cars subject to the recall contained lead that exceeded applicable standards.  Defendants admit that the August 14, 2007 voluntary recall also included Mattel toys with magnets that could potentially come loose from the toys and be swallowed, potentially causing injury.  Defendants admit that the "Sarge" toys are based on a character from the Disney-Pixar movie "Cars" and are popular.  Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint and deny that Plaintiff or any putative class member is entitled to any of the relief sought.

5.      The allegations in paragraph 5 of the Complaint are legal assertions to which no response is required.

6.      Defendants deny the allegations in paragraph 6 of the Complaint that they have violated any law or caused injury to District of Columbia residents.  The remaining allegations in paragraph 6 of the Complaint are legal assertions to which no response is required.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, deny the same.

8.      Defendants admit the allegations in paragraph 8 of the Complaint.

9.      Defendants admit the allegations in the first sentence of paragraph 9 of the Complaint.  Defendants admit the allegations in the second sentence of paragraph 9 of the Complaint that Fisher-Price distributes products for sale in the District of Columbia.  Defendants admit the allegations in the last sentence of paragraph 9 of the Complaint that Fisher-Price is a wholly-owned subsidiary of Mattel.  Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10.     The allegations in paragraph 10 of the Complaint do not require a response.

11.     Defendants deny the allegations in paragraph 11 of the Complaint.

12.     Defendants deny the allegations in paragraph 12 of the Complaint.

13.     Defendants deny the allegations in paragraph 13 of the Complaint.

14.     Defendants state that the CPSC's  website speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint regarding alleged statements of the CPSC and, therefore, deny the same.  Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.

15.    The Complaint does not identify the source of the EPA statements alleged in paragraph 15 of the Complaint.  Thus, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, therefore, deny the same.  Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16.    Defendants state that the National Safety Council's website speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint regarding the views of the Council and, therefore, deny the same.  Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time.  Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.    The Complaint does not identify the source of the information alleged in paragraph 17 of the Complaint.  Thus, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, deny the same.

18.    Defendants state that the websites cited in paragraph 18 of the Complaint speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, deny the same.

19.    Defendants admit that on August 2, 2007, Defendants and the CPSC announced a voluntary recall of certain Fisher-Price toys manufactured during specified periods of time, some of which were sold between May 2007 and August 2007.  Defendants admit that a reason for the recall was that testing indicated that the paint on some part of certain of the toys that were subject to the recall contained lead that exceeded applicable standards.  Defendants state that the allegations in the last sentence of paragraph 19 of the Complaint and legal conclusions to which

no response is required.  Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.    Defendants admit that the listed products in paragraph 20 of the Complaint manufactured between certain specified dates were affected by the August 2, 2007 voluntary recall.

21.    Defendants admit that on August 14, 2007, Mattel and the CPSC announced a voluntary recall of approximately 253,000 "Sarge" die cast toy cars sold between May 2007 and August 2007.  Defendants deny the remaining allegations in paragraph 21 of the Complaint.

22.    The allegations in paragraph 22 of the Complaint do not require a response.

23.    Defendants admit that a reason for the August 2 and August 14, 2007 voluntary recalls was that testing indicated that the paint on some part of certain of the toys that were subject to the recalls contained lead that exceeded applicable standards.  Defendants admit that Mattel and/or Fisher-Price were involved in the "design, manufacture, distribution, marketing and/or sale" of the toys.  Defendants admit that the toys subject to the August 2, 2007 voluntary recall were manufactured by Lee Der Industrial in the Guangdong province of China. Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24.    The Complaint does not identify the "lead experts" referred to in paragraph 24 of the Complaint.  Thus, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint regarding such "experts" and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 24 of the Complaint.

25.    Defendants deny the allegations in paragraph 25 of the Complaint.

26.    Defendants deny the allegations in paragraph 26 of the Complaint.

27.    Defendants deny the allegations in the first sentence of paragraph 27 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 27 of the Complaint and, therefore, deny the same.

28.    The allegations in paragraph 28 of the Complaint are legal assertions to which no response is required.

29.    Defendants admit that employees of a subsidiary in Asia learned of a failed test for the presence of lead through testing done by a European direct importer. Defendants deny the remaining allegations in paragraph 29 of the Complaint.

30.    Defendants admit the allegations in the first sentence of paragraph 30 of the Complaint that they notified retailers about the August 2, 2007 recall one week before the recall was announced. Defendants deny the implication of the second sentence of paragraph 30 of the Complaint that such notice to retailers was provided without the knowledge and approval of the CPSC and state that the remaining allegations of the second sentence of paragraph 30 of the Complaint are legal assertions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 30 of the Complaint and, therefore, deny the same and state that they have received no formal notice of such a current investigation. Defendants deny the remaining allegations in paragraph 30 of the Complaint.

31.    Defendants deny the allegations in paragraph 31 of the Complaint.

32.    Defendants deny the allegations in paragraph 32 of the Complaint.

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 33 of the Complaint and, therefore, deny the same. Defendants admit that they marketed and advertised products for use by children consistent with the age restrictions noted for the toys and that Mattel has used the phrase "the most trusted name in toys" in certain media. Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34.    Defendants admit that, as part of the voluntary recalls, consumers are provided a postage prepaid "mailing label" to use to return recalled product, which they may request over the internet or by phone. In most cases, when Defendants receive recalled product from consumers, they issue vouchers redeemable for replacement products in an amount that is

intended to be equal to or greater than the retail price actually paid plus tax. In some cases, Defendants issue replacement parts rather than a voucher. The vouchers are redeemable at an extensive number of participating retailers. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35.     Defendants admit that, as part of the voluntary recalls, consumers are provided a postage prepaid "mailing label" to use to return recalled product. In most cases, when Defendants receive recalled product from consumers, they issue vouchers redeemable for replacement products in an amount that is intended to be equal to or greater than the retail price actually paid plus tax. In some cases, Defendants issue replacement parts rather than a voucher. The vouchers are redeemable at an extensive number of participating retailers. Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36.     Defendants admit that, as part of the voluntary recalls, consumers are provided a postage prepaid "mailing label" to use to return recalled product. In most cases, when Defendants receive recalled product from consumers, they issue vouchers redeemable for replacement products in an amount that is intended to be equal to or greater than the retail price actually paid plus tax. In some cases, Defendants issue replacement parts rather than a voucher. The vouchers are redeemable at an extensive number of participating retailers. Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 37 of the Complaint regarding what consumers will or will not do and why and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint and deny that Plaintiff is entitled to any of the relief sought.

40.    The allegations in the first sentence of paragraph 40 of the Complaint are legal assertions to which no response is required. Defendants respond as follows to the allegations in the subparts of paragraph 40 of the Complaint:

(a)    Defendants admit that Mattel and/or Fisher-Price were involved in the "design, manufacture, distribution, marketing and/or sale" of toys voluntarily recalled on August 2 and August 14, 2007. Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Defendants deny the remaining allegations in paragraph 40(a) of the Complaint.

(b)    Defendants deny the allegations in paragraph 40(b) of the Complaint.

(c)    Defendants deny the allegations in paragraph 40(c) of the Complaint.

(d)    Defendants deny the allegations in paragraph 40(d) of the Complaint.

(e)    Defendants deny the allegations in paragraph 40(e) of the Complaint.

(f)    Defendants deny the allegations in paragraph 40(f) of the Complaint and deny that Plaintiff or the Public is entitled to any of the relief sought.

41.    Defendants deny the allegations in paragraph 41 of the Complaint.

## RESPONSE TO COUNT I
### (Violation of D.C. Consumer Protection Procedures Act)

42.    Defendants incorporate by reference and restate their responses to all paragraphs of the Complaint as if set forth fully herein.

43.    The allegations in paragraph 43 of the Complaint are legal assertions to which no response is required.

44.    The allegations in paragraph 44 of the Complaint are legal assertions to which no response is required.

45.     The allegations in paragraph 45 of the Complaint are legal assertions to which no response is required.

46.     Defendants deny the allegations in paragraph 46 of the Complaint and deny that Plaintiff or the Public is entitled to any of the relief sought.

47.     Defendants deny the allegations in paragraph 47 of the Complaint and deny that Plaintiff or the Public is entitled to any of the relief sought.

<u>**RESPONSE TO PRAYER FOR RELIEF**</u>

Defendants deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause on pages 12-13 of the Complaint.

FOR THEIR DEFENSES TO THE COMPLAINT, DEFENDANTS STATE AS FOLLOWS:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>
**(Failure to State a Cause of Action)**

48.     The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted against Defendants and further fails to state facts sufficient to entitle Plaintiff to any relief whatsoever from Defendants.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>
**(Lack of Standing)**

49.     Plaintiff lacks standing to assert some or all of the claims in the Complaint and lacks standing to represent The Public as she alleges.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>
**(Requirements of Applicable Law)**

50.     Plaintiff is not entitled to recover punitive or exemplary damages because the requirements of applicable law regarding such damages are not met by the facts set forth in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unlawful")

51.     Some or all of the claims in the Complaint are barred in whole or in part because Defendants' conduct was not unlawful.

## FIFTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unfair")

52.     Some or all of the claims in the Complaint are barred in whole or in part because Defendants' conduct was not unfair.

## SIXTH AFFIRMATIVE DEFENSE
### (Conduct Not "Fraudulent")

53.     Some or all of the claims in the Complaint are barred in whole or in part because Defendants' conduct was not fraudulent or misleading.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

54.     Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prohibition Against Excessive Penalties)

55.     Some or all of Plaintiff's claims are barred to the extent Plaintiff seeks to impose penalties that violate the Constitution's prohibition against excessive penalties and/or similar provisions in state constitutions.

## NINTH AFFIRMATIVE DEFENSE
### (Excessive Fines Clause of the Eighth Amendment to the United States Constitution)

56.     Some or all of the claims in the Complaint are barred to the extent Plaintiff seeks damages that violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE
**(Due Process Clause of the Fourteenth Amendment to the
United States Constitution)**

57.    Some or all of the claims in the Complaint are barred to the extent Plaintiff seeks damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Safe Harbor)**

58.    Some or all of the claims in the Complaint are barred in whole or in part to the extent they seek to impose liability based on conduct that is otherwise protected by statute.

### TWELFTH AFFIRMATIVE DEFENSE
**(Discharge of Obligations)**

59.    Some or all of the claims in the Complaint are barred in whole or in part because Defendants have complied with and fully performed any and all past and current obligations imposed on them by law, contracts, or equity, and all past and current obligations owed to Plaintiff have been satisfied, released or otherwise discharged.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Disclaimer of Warranties)**

60.    Some or all of the claims in the Complaint are barred in whole or in part because there was a disclaimer of any express or implied warranties, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Superseding Cause)**

61.    Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiff was caused not by Defendants' actions, but by a superseding cause.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

62.     Some or all of the claims in the Complaint are barred in whole or in part because the alleged conduct of Defendants was not unfair and was undertaken in good faith for a valid business purpose.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

63.     Some or all of the claims in the Complaint are barred in whole or in part because Plaintiff is not in privity with Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure To State A Claim For Punitive Damages)

64.     The Complaint is devoid of facts sufficient to constitute a cause of action against Defendants for punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

65.     Plaintiff's request for injunctive relief is barred because Plaintiff has an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Contributory and Comparative Negligence)

66.     Any injury sustained by Plaintiff may have been caused, in whole or in part, by Plaintiff's contributory or comparative negligence, fault, and want of due care, and therefore Plaintiff is barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(No Direct Injury)**

67.    The Complaint fails to state a cause of action because Plaintiff suffered no direct harm as a result of the alleged acts.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Lack of Requisite Particularity)**

68.    Some or all of the claims in the Complaint are barred in whole or in part because they are not plead with the requisite particularity.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Ratification)**

69.    Plaintiff's claims are barred, in whole or part, by ratification.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Violation of Due Process)**

70.    Some or all of the relief Plaintiff requests may result in multiple recoveries, thereby violating Defendants' due process rights under the United States Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Waiver)**

71.    Plaintiff's claims are barred, in whole or part, by waiver.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Actionable Representations)**

72.    Some or all of Plaintiff's claims fail because they are not based on actionable representations by Defendants.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Responsive Actions Taken Barring Claims for Damages)**

73.     Any claim for damages is barred because Defendants have taken reasonable steps to inform consumers of the recalls and taken appropriate responsive action, including but not limited to, the issuance of vouchers or replacement parts as part of the recalls.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Lack of Intentional Action)**

74.     Any claim for damages is barred because Defendants' actions were not intentional, but resulted from bona fide errors despite reasonable procedures in place.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Sufficient Notice)**

75.     Any claim for damages under state consumer protection laws is barred because Plaintiff failed to provide sufficient and/or adequate notice as required.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(No Claim for Medical Monitoring)**

76.     The claims in the Complaint seeking or asserting a medical monitoring or lead testing claim or remedy are barred for the reasons that such a claim or remedy is not available under applicable law and because the facts pled in the Complaint do not satisfy the requirements for medical monitoring to the extent such a claim or remedy has been recognized in any jurisdiction.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(Claims Preemption)**

77.     Some or all of the claims in the Complaint are preempted in whole or in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and actions of the Consumer Safety Products Commission in connection with the recalls.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

78.    Defendants intend to rely on any additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise, and, thus, reserve the right to amend their Answer to assert such additional defenses.

## DEMAND FOR A JURY TRIAL

Defendants demand a trial by jury of all claims triable by a jury.

Dated:  October 26, 2007

> */s/ DANIELLE M. HOHOS*
>
> JOHN B. WILLIAMS (D.C. Bar 257667)
> DANIELLE M. HOHOS (D.C. Bar 485633)
> JONES DAY
> 51 Louisiana Avenue, N.W.
> Washington, D.C.  20001-2113
> 202-879-3939
>
> *Attorneys for Defendants*
> *Mattel, Inc. and Fisher-Price, Inc.*

**Of Counsel:**

Hugh R. Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:  (832) 239-3939

Thomas E. Fennell
Michael L. Rice
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone:  (214) 220-3939

## CERTIFICATE OF SERVICE

I certify that on October 26, 2007, a true and correct copy of the ANSWER OF

DEFENDANTS MATTEL, INC. AND FISHER-PRICE, INC. was served by electronic mail

through the Court's CM/ECF and  by via United States mail, postage prepaid, to the following

counsel of record:

    Karen J. Marcus
    Mila F. Bartos
    Tracy Rezvani
    FINKELSTEIN THOMPSON LLP
    The Duval Foundry
    1050 30th Street NW
    Washington, D.C. 20007

    Rosemary Rivas
    FINKELSTEIN THOMPSON LLP
    601 Montgomery Street, Suite 665
    San Francisco, California 94111

                     ___*/s/ DANIELLE M. HOHOS*_____